**ROBERT S. SOLA**
Oregon State Bar No. 844541
rssola@msn.com
**SHIDON B. AFLATOONI**
Oregon State Bar No. 113115
saflatooni@outlook.com
Robert S. Sola, P.C.
1500 SW First Avenue, Suite 800
Portland, Oregon 97201
Telephone (503) 295-6880
Facsimile (503) 243-4546
      Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| **SAMANTHA JOHNSON**, | Case No. 3:16-cv-00051 |
| Plaintiff, | COMPLAINT |
| v. | (Fair Credit Reporting Act) |
| **BACKGROUND INVESTIGATIONS, INC.**, a domestic corporation, | DEMAND FOR JURY TRIAL |
| Defendant. | |

1.

The court has jurisdiction under 15 U.S.C. § 1681p.

2.

Plaintiff Samantha Johnson ("Plaintiff") is a consumer as defined by the Fair Credit Reporting Act (FCRA), 15 U.S.C. § 1681a(c)

Page 1 – COMPLAINT

3.

Defendant Background Investigations, Inc. ("Background Investigations") is a consumer reporting agency as defined by the FCRA, 15 U.S.C. § 1681a(f).

4.

On or about January 13, 2014, Plaintiff applies for housing at River City & Rentals N.W. ("River City"). River City requests Plaintiff's consumer report from Background Investigations.

5.

Background Investigations prepares and issues Plaintiff's consumer report to River City that includes inaccurate information in violation of the FCRA, § 1681e(b).

6.

Background Investigations reported to River City that Plaintiff was a felon and had been convicted of Third Degree Sale of Narcotics, Fourth Degree Sale of Drugs, Domestic Assault, Fourth Degree Burglary and Disorderly Conduct. This is false. Plaintiff is not a felon, nor has she ever been convicted of any crime.

7.

On or about January 15, 2014, River City denies Plaintiff for housing. Plaintiff was denied because of the information Background Investigations reported on her consumer report to River City. Plaintiff tells River City that the convictions are not hers.

8.

On or about January 15, 2014, Plaintiff calls Background Investigations. Background Investigation tells Plaintiff her consumer report contains the crimes and convictions that were reported to River City. Plaintiff notifies Background Investigations that she disputes the accuracy of this information. Background Investigations did not comply with the requirements of the

FCRA, § 1681i(a), in response to Plaintiff's dispute. Plaintiff requests her consumer report. Background Investigations does not provide Plaintiff with her consumer report, in violation of the FCRA, § 1681g(a).

9.

On or about January 24, 2014, Plaintiff again calls River City to inform them that the convictions reported by Background Investigations are not hers. River City calls Background Investigations, who tells River City that the criminal information matched Plaintiff.

10.

In June 2015, Plaintiff again notifies Background Investigations that she disputes the accuracy of the information it is reporting on her. Plaintiff also requests her consumer report.

11.

Background Investigations sends Plaintiff a copy of her consumer report. Background Investigations does not include a Summary of Rights with Plaintiff's consumer report in violation of the FCRA, § 1681g(c)(2).

FIRST CLAIM FOR RELIEF

(against Background Investigations)

(Negligent Noncompliance with the FCRA)

12.

Plaintiff realleges and incorporates paragraphs 1 through 11.

13.

Background Investigations negligently failed to comply with the requirements of the FCRA.

14.

As a result of Background Investigations' failure to comply with the requirements of the FCRA, Plaintiff has suffered and continues to suffer, actual damages, including economic loss, denial of housing, damage to reputation, emotional distress and interference with Plaintiff's normal and usual activities for which Plaintiff seeks damages in an amount to be determined by the jury.

15.

Plaintiff requests attorney fees pursuant to 15 U.S.C. § 1681o(a).

SECOND CLAIM FOR RELIEF

(against Background Investigations)

(Willful Noncompliance with the FCRA)

16.

Plaintiff realleges and incorporates paragraphs 1 through 11.

17.

Background Investigations willfully failed to comply with the requirements of the FCRA.

18.

As a result of Background Investigations' failure to comply with the requirements of the FCRA, Plaintiff has suffered and continues to suffer, actual damages, including economic loss, denial of housing, damage to reputation, emotional distress and interference with Plaintiff's normal and usual activities for which Plaintiff seeks damages in an amount to be determined by the jury. Plaintiff also seeks punitive damages in an amount to be determined by the jury.

19.

Plaintiff requests attorney fees pursuant to 15 U.S.C. § 1681n(a).

Plaintiff requests a jury trial on all claims.

Prayer

WHEREFORE, Plaintiff prays for judgment against Background Investigations as follows:

On the First Claim for Relief:

1. Actual damages to be determined by the jury; and

2. Attorney fees.

On the Second Claim for Relief:

1. Actual damages to be determined by the jury;

2. Punitive damages to be determined by the jury; and

3. Attorney fees.

On All Claims for Relief:

1. Costs and expenses incurred in the action.

DATED this 12th day of January 2016.

Respectfully submitted,

s/ Robert S. Sola
Robert S. Sola
Robert S. Sola, P.C.
Oregon State Bar No. 844541
1500 SW First Avenue, Suite 800
Portland, Oregon 97201
Telephone (503) 295-6880
Facsimile (503) 243-4546
rssola@msn.com

Attorneys for Plaintiff