**ROBERT S. SOLA**
Oregon State Bar No. 844541
rssola@msn.com
**SHIDON B. AFLATOONI**
Oregon State Bar No. 113115
saflatooni@outlook.com
Robert S. Sola, P.C.
1500 SW First Avenue, Suite 800
Portland, Oregon 97201
Telephone (503) 295-6880
Facsimile (503) 243-4546
      Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| **SAMANTHA JOHNSON**, | Case No. 3:16-cv-00051-BR |
| Plaintiff, | |
| v. | AMENDED COMPLAINT |
| | (Fair Credit Reporting Act) |
| **BACKGROUND INVESTIGATIONS, INC.,** a domestic corporation, **CORELOGIC CREDCO, LLC,** a foreign corporation, **FIRST ADVANTAGE BACKGROUND SERVICES CORP.,** a foreign corporation, **ADVANCED REPORTING, LLC,** a domestic corporation, | DEMAND FOR JURY TRIAL |
| Defendant. | |

1.

The court has jurisdiction under 15 U.S.C. § 1681p.

Page 1 – AMENDED COMPLAINT

2.

Plaintiff Samantha Johnson ("Plaintiff") is a consumer as defined by the Fair Credit Reporting Act (FCRA), 15 U.S.C. § 1681a(c).

3.

Defendant Background Investigations, Inc. ("Background Investigations") is a consumer reporting agency as defined by the FCRA, 15 U.S.C. § 1681a(f).

4.

Defendant CoreLogic Credco, LLC, which does business under the name CoreLogic SafeRent, LLC ("CoreLogic") is a consumer reporting agency as defined by the FCRA, 15 U.S.C. § 1681a(f).

5.

Defendant First Advantage Background Services Corp. ("First Advantage") is a consumer reporting agency as defined by the FCRA, 15 U.S.C. § 1681a(f).

6.

Defendant Advanced Reporting, LLC ("Advanced Reporting") is a consumer reporting agency as defined by the FCRA, 15 U.S.C. § 1681a(f).

7.

On or about January 13, 2014, Plaintiff applies for housing at River City & Rentals N.W. ("River City"). River City requests Plaintiff's consumer report from Background Investigations.

8.

Background Investigations prepares and issues Plaintiff's consumer report to River City that includes inaccurate information, in violation of the FCRA, § 1681e(b).

9.

Background Investigations reported to River City that Plaintiff was a felon and had been convicted of Third Degree Sale of Narcotics, Fourth Degree Sale of Drugs, Domestic Assault, Fourth Degree Burglary and Disorderly Conduct. This is false. Plaintiff is not a felon, nor has she ever been convicted of any crime.

10.

On or about January 15, 2014, River City denies Plaintiff for housing. River City told Plaintiff she was denied because of the criminal conviction information, including a felony that Background Investigations reported on her consumer report to River City. Plaintiff tells River City that the convictions are not hers.

11.

On or about January 15, 2014, Plaintiff calls Background Investigations and tells them about their reporting of criminal conviction information to River City that does not pertain to her. Background Investigations tells Plaintiff that her consumer report contains the crimes and convictions that were reported to River City. Plaintiff notifies Background Investigations that she disputes the accuracy of this information. Background Investigations does not comply with the requirements of the FCRA, § 1681i(a), including failing to conduct a reasonable reinvestigation, in response to Plaintiff's dispute. Plaintiff requests her consumer report. Background Investigations does not provide Plaintiff with her consumer report, in violation of the FCRA, § 1681g(a).

12.

On or about January 24, 2014, Plaintiff calls River City and tells them that the convictions reported by Background Investigations are not hers. River City calls Background Investigations, who tells River City that the criminal information matched Plaintiff.

13.

In June 2015, Plaintiff again notifies Background Investigations that she disputes the accuracy of the information it is reporting on her. Plaintiff also requests her consumer report.

14.

Background Investigations sends Plaintiff a copy of her consumer report. Background Investigations does not include a Summary of Rights with Plaintiff's consumer report in violation of the FCRA, § 1681g(c)(2).

15.

In or around February 2015, CoreLogic prepares and issues Plaintiff's consumer report that includes inaccurate information, in violation of the FCRA, § 1681e(b).

16.

CoreLogic reports that Plaintiff is a felon and reports scores of criminal convictions that do not belong to Plaintiff, including Second Degree Sale of Drugs (three grams or more-cocaine), Second Degree sale of Schedule 1 or 2 Narcotic, LSD, Third Degree Sale of Narcotics, Fourth Degree Sale of Drugs, Domestic Assault-Intentionally Inflict, Fifth Degree Assault – Fear/Inflict/Attempt Harm, Fourth Degree Burglary, Disorderly Conduct, Obstructing Legal Process, Interference with Emergency Call, Criminal Damage to Property, Petty Theft, Giving Peace Officer False Name, and Driving after Suspension. This is false. Plaintiff is not a felon and has never been convicted of any crime.

17.

In or around March 2015, First Advantage prepares and issues Plaintiff's consumer report that includes inaccurate information, in violation of the FCRA, § 1681e(b).

18.

First Advantage reports multiple criminal convictions and an address that do not belong to Plaintiff, including Third Degree Sale of Narcotics, Fourth Degree Sale of Drugs, Fourth Degree Burglary, Domestic Assault, Giving Peace Office False Name and Obstructing Legal Process. First Advantage also reports that Plaintiff was serving a "Standard Supervised Release, Conditional Release" for a conviction of a drug offense. This is false. Plaintiff has never been convicted of a crime and she has never served a supervised or conditional release.

19.

On or about January 27, 2016, Plaintiff applies to enroll her stepson at the Columbia County Christian School. As part of the application process, the Columbia County Christian School requests Plaintiff's consumer report from Advanced Reporting.

20.

Advanced Reporting prepares and issues Plaintiff's consumer report to the Columbia County Christian School that includes inaccurate information, in violation of the FCRA, § 1681e(b).

21.

Advanced Reporting reported to the Columbia County Christian School that Plaintiff was a felon and had been convicted of multiple crimes, including Third Degree Sale of Narcotics, Fourth Degree Sale of Drugs, Domestic Assault, Fourth Degree Burglary, Disorderly Conduct, Giving a False Name to a Peace Officer, Obstructing Legal Process, Theft, Disorderly Conduct

Page 5 – AMENDED COMPLAINT

– Brawling or Fighting, and Traffic Offenses. Advanced Reporting also reported to the Columbia County Christian School that there was an active warrant issued for Plaintiff's arrest. This is false. Plaintiff is not a felon, she has never been convicted of any crime, and there is no active warrant for her arrest.

FIRST CLAIM FOR RELIEF

(against Background Investigations)

(Negligent Noncompliance with the FCRA)

22.

Plaintiff realleges and incorporates paragraphs 1 through 21.

23.

Background Investigations negligently failed to comply with the requirements of the FCRA.

24.

As a result of Background Investigations' failure to comply with the requirements of the FCRA, Plaintiff has suffered and continues to suffer, actual damages, including economic loss, denial of housing, damage to reputation, emotional distress and interference with Plaintiff's normal and usual activities for which Plaintiff seeks damages in an amount to be determined by the jury.

25.

Plaintiff requests attorney fees pursuant to 15 U.S.C. § 1681o(a).

## SECOND CLAIM FOR RELIEF

(against Background Investigations)

(Willful Noncompliance with the FCRA)

26.

Plaintiff realleges and incorporates paragraphs 1 through 21.

27.

Background Investigations willfully failed to comply with the requirements of the FCRA.

28.

As a result of Background Investigations' failure to comply with the requirements of the FCRA, Plaintiff has suffered and continues to suffer, actual damages, including economic loss, denial of housing, damage to reputation, emotional distress and interference with Plaintiff's normal and usual activities for which Plaintiff seeks damages in an amount to be determined by the jury. Plaintiff also seeks punitive damages in an amount to be determined by the jury.

29.

Plaintiff requests attorney fees pursuant to 15 U.S.C. § 1681n(a).

## THIRD CLAIM FOR RELIEF

(against CoreLogic)

(Negligent Noncompliance with the FCRA)

30.

Plaintiff realleges and incorporates paragraphs 1 through 21.

31.

CoreLogic negligently failed to comply with the requirements of the FCRA.

32.

As a result of CoreLogic's failure to comply with the requirements of the FCRA, Plaintiff has suffered and continues to suffer, actual damages, including economic loss, emotional distress and interference with Plaintiff's normal and usual activities for which Plaintiff seeks damages in an amount to be determined by the jury.

33.

Plaintiff requests attorney fees pursuant to 15 U.S.C. § 1681o(a).

FOURTH CLAIM FOR RELIEF

(against CoreLogic)

(Willful Noncompliance with the FCRA)

34.

Plaintiff realleges and incorporates paragraphs 1 through 21.

35.

CoreLogic willfully failed to comply with the requirements of the FCRA.

36.

As a result of CoreLogic's failure to comply with the requirements of the FCRA, Plaintiff has suffered and continues to suffer, actual damages, including economic loss, emotional distress and interference with Plaintiff's normal and usual activities for which Plaintiff seeks damages in an amount to be determined by the jury.  Plaintiff also seeks punitive damages in an amount to be determined by the jury.

37.

Plaintiff requests attorney fees pursuant to 15 U.S.C. § 1681n(a).

## FIFTH CLAIM FOR RELIEF

(against First Advantage)

(Negligent Noncompliance with the FCRA)

38.

Plaintiff realleges and incorporates paragraphs 1 through 21.

39.

First Advantage negligently failed to comply with the requirements of the FCRA.

40.

As a result of First Advantage's failure to comply with the requirements of the FCRA, Plaintiff has suffered and continues to suffer, actual damages, including economic loss, emotional distress and interference with Plaintiff's normal and usual activities for which Plaintiff seeks damages in an amount to be determined by the jury.

41.

Plaintiff requests attorney fees pursuant to 15 U.S.C. § 1681o(a).

## SIXTH CLAIM FOR RELIEF

(against First Advantage)

(Willful Noncompliance with the FCRA)

42.

Plaintiff realleges and incorporates paragraphs 1 through 21.

43.

First Advantage willfully failed to comply with the requirements of the FCRA.

44.

As a result of First Advantage's failure to comply with the requirements of the FCRA, Plaintiff has suffered and continues to suffer, actual damages, including economic loss, emotional distress and interference with Plaintiff's normal and usual activities for which Plaintiff seeks damages in an amount to be determined by the jury. Plaintiff also seeks punitive damages in an amount to be determined by the jury.

45.

Plaintiff requests attorney fees pursuant to 15 U.S.C. § 1681n(a).

<u>SEVENTH CLAIM FOR RELIEF</u>

(against Advanced Reporting)

(Negligent Noncompliance with the FCRA)

46.

Plaintiff realleges and incorporates paragraphs 1 through 21.

47.

Advanced Reporting negligently failed to comply with the requirements of the FCRA.

48.

As a result of Advanced Reporting's failure to comply with the requirements of the FCRA, Plaintiff has suffered and continues to suffer, actual damages, including economic loss, damage to reputation, emotional distress and interference with Plaintiff's normal and usual activities for which Plaintiff seeks damages in an amount to be determined by the jury.

49.

Plaintiff requests attorney fees pursuant to 15 U.S.C. § 1681o(a).

### EIGHTH CLAIM FOR RELIEF

(against Advanced Reporting)

(Willful Noncompliance with the FCRA)

50.

Plaintiff realleges and incorporates paragraphs 1 through 21.

51.

Advanced Reporting willfully failed to comply with the requirements of the FCRA.

52.

As a result of Advanced Reporting's failure to comply with the requirements of the FCRA, Plaintiff has suffered and continues to suffer, actual damages, including economic loss, damage to reputation, emotional distress and interference with Plaintiff's normal and usual activities for which Plaintiff seeks damages in an amount to be determined by the jury. Plaintiff also seeks punitive damages in an amount to be determined by the jury.

53.

Plaintiff requests attorney fees pursuant to 15 U.S.C. § 1681n(a).

Plaintiff requests a jury trial on all claims.

### Prayer

WHEREFORE, Plaintiff prays for judgment against Defendants as follows:

On the First Claim for Relief:

1. Actual damages to be determined by the jury; and
2. Attorney fees.

On the Second Claim for Relief:

1. Actual damages to be determined by the jury;
2. Punitive damages to be determined by the jury; and

Page 11 – AMENDED COMPLAINT

3. Attorney fees.

    On the Third Claim for Relief:

1. Actual damages to be determined by the jury; and

2. Attorney fees.

    On the Fourth Claim for Relief:

1. Actual damages to be determined by the jury;

2. Punitive damages to be determined by the jury; and

3. Attorney fees.

    On the Fifth Claim for Relief:

1. Actual damages to be determined by the jury; and

2. Attorney fees.

    On the Sixth Claim for Relief:

1. Actual damages to be determined by the jury;

2. Punitive damages to be determined by the jury; and

3. Attorney fees.

    On the Seventh Claim for Relief:

1. Actual damages to be determined by the jury; and

2. Attorney fees.

    On the Eighth Claim for Relief:

1. Actual damages to be determined by the jury;

2. Punitive damages to be determined by the jury; and

3. Attorney fees.

    On All Claims for Relief:

1. Costs and expenses incurred in the action.

DATED this 18th day of March 2016.

        Respectfully submitted,

        s/ Robert S. Sola
        Robert S. Sola
        Robert S. Sola, P.C.
        Oregon State Bar No. 844541
        1500 SW First Avenue, Suite 800
        Portland, Oregon 97201
        Telephone (503) 295-6880
        Facsimile (503) 243-4546
        rssola@msn.com

        Attorneys for Plaintiff