Andrew M. Altschul, OSB No. 980302
andrew@baaslaw.com
BUCHANAN ANGELI ALTSCHUL
& SULLIVAN LLP
321 SW 4th Avenue, Suite 600
Portland, Oregon  97204
Telephone: (503) 974-5015
Facsimile:  (503) 230-0337

Frederick T. Smith (*pro hac vice* application to be filed)
fsmith@seyfarth.com
Megan H. Poonolly (admitted *pro hac vice*)
mpoonolly@seyfarth.com
SEYFARTH SHAW LLP
1075 Peachtree Street, Suite 2500
Atlanta, Georgia 30309-3958
Telephone: (404) 885-1500
Facsimile: (404) 892-7056

*Counsel for Defendant*
*First Advantage Background Services Corp.*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF OREGON
PORTLAND DIVISION

| | |
|---|---|
| SAMANTHA JOHNSON,<br><br>        Plaintiff,<br><br>    v.<br><br>BACKGROUND INVESTIGATIONS, INC., a domestic corporation, CORELOGIC CREDCO, LLC, a foreign corporation, FIRST ADVANTAGE BACKGROUND SERVICES CORP., a foreign corporation, ADVANCED REPORTING, LLC, a domestic corporation,<br><br>        Defendant. | Case No. 3:16-cv-00051-BR |

**DEFENDANT FIRST ADVANTAGE BACKGROUND
SERVICES CORP.'S ANSWER TO PLAINTIFF'S AMENDED COMPLAINT**

Defendant FIRST ADVANTAGE BACKGROUND SERVICES CORP., by its attorneys and pursuant to Rules 8 and 12 of the Federal Rules of Civil Procedure, hereby answers Plaintiff SAMANTHA JOHNSON's Amended Complaint and asserts its affirmative defenses as follows:

**COMPLAINT ¶ 1:**

The court has jurisdiction under 15 U.S.C. § 1681p.

**ANSWER:**

First Advantage admits the allegations in Paragraph No. 1 of Plaintiff's Amended Complaint.

**COMPLAINT ¶ 2:**

Plaintiff Samantha Johnson ("Plaintiff") is a consumer as defined by the Fair Credit Reporting Act (FCRA), 15 U.S.C. § 1681a(c).

**ANSWER:**

First Advantage admits the allegations in Paragraph No. 2 of Plaintiff's Amended Complaint.

**COMPLAINT ¶ 3:**

Defendant Background Investigations, Inc. ("Background Investigations") is a consumer reporting agency as defined by the FCRA, 15 U.S.C. § 1681a(f).

**ANSWER:**

First Advantage lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph No. 3 of Plaintiff's Amended Complaint.

**COMPLAINT ¶ 4:**

Defendant CoreLogic Credco, LLC, which does business under the name CoreLogic SafeRent, LLC ("CoreLogic") is a consumer reporting agency as defined by the FCRA, 15 U.S.C. § 1681a(f).

**ANSWER:**

First Advantage lacks knowledge or information sufficient to form a belief as to the truth

of the allegations in Paragraph No. 4 of Plaintiff's Amended Complaint.

**COMPLAINT ¶ 5:**

Defendant First Advantage Background Services Corp. ("First Advantage") is a
consumer reporting agency as defined by the FCRA, 15 U.S.C. § 1681a(f).

**ANSWER:**

First Advantage admits the allegations in Paragraph No. 5 of Plaintiff's Amended

Complaint.

**COMPLAINT ¶ 6:**

Defendant Advanced Reporting, LLC ("Advanced Reporting") is a consumer reporting
agency as defined by the FCRA, 15 U.S.C. § 1681a(f).

**ANSWER:**

First Advantage lacks knowledge or information sufficient to form a belief as to the truth

of the allegations in Paragraph No. 6 of Plaintiff's Amended Complaint.

**COMPLAINT ¶ 7:**

On or about January 13, 2014, Plaintiff applies for housing at River City & Rentals N.W.
("River City"). River City requests Plaintiff's consumer report from Background Investigations.

**ANSWER:**

First Advantage lacks knowledge or information sufficient to form a belief as to the truth

of the allegations in Paragraph No. 7 of Plaintiff's Amended Complaint.

**COMPLAINT ¶ 8:**

Background Investigations prepares and issues Plaintiff's consumer report to River City
that includes inaccurate information, in violation of the FCRA, § 1681e(b).

**ANSWER:**

First Advantage lacks knowledge or information sufficient to form a belief as to the truth

of the allegations in Paragraph No. 8 of Plaintiff's Amended Complaint.

**COMPLAINT ¶ 9:**

Background Investigations reported to River City that Plaintiff was a felon and had been convicted of Third Degree Sale of Narcotics, Fourth Degree Sale of Drugs, Domestic Assault, Fourth Degree Burglary and Disorderly Conduct. This is false. Plaintiff is not a felon, nor has she ever been convicted of any crime.

**ANSWER:**

First Advantage lacks knowledge or information sufficient to form a belief as to the truth

of the allegations in Paragraph No. 9 of Plaintiff's Amended Complaint.

**COMPLAINT ¶ 10:**

On or about January 15, 2014, River City denies Plaintiff for housing. River City told Plaintiff she was denied because of the criminal conviction information, including a felony that Background Investigations reported on her consumer report to River City. Plaintiff tells River City that the convictions are not hers.

**ANSWER:**

First Advantage lacks knowledge or information sufficient to form a belief as to the truth

of the allegations in Paragraph No. 10 of Plaintiff's Amended Complaint.

**COMPLAINT ¶ 11:**

On or about January 15, 2014, Plaintiff calls Background Investigations and tells them about their reporting of criminal conviction information to River City that does not pertain to her. Background Investigations tells Plaintiff that her consumer report contains the crimes and convictions that were reported to River City. Plaintiff notifies Background Investigations that she disputes the accuracy of this information. Background Investigations does not comply with the requirements of the FCRA, § 168li(a), including failing to conduct a reasonable reinvestigation, in response to Plaintiff's dispute. Plaintiff requests her consumer report. Background Investigations does not provide Plaintiff with her consumer report, in violation of the FCRA, § 1681g(a).

**ANSWER:**

First Advantage lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph No. 11 of Plaintiff's Amended Complaint.

**COMPLAINT ¶ 12:**

On or about January 24, 2014, Plaintiff calls River City and tells them that the convictions reported by Background Investigations are not hers. River City calls Background Investigations, who tells River City that the criminal information matched Plaintiff.

**ANSWER:**

First Advantage lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph No. 12 of Plaintiff's Amended Complaint.

**COMPLAINT ¶ 13:**

In June 2015, Plaintiff again notifies Background Investigations that she disputes the accuracy of the information it is reporting on her. Plaintiff also requests her consumer report.

**ANSWER:**

First Advantage lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph No. 13 of Plaintiff's Amended Complaint.

**COMPLAINT ¶ 14:**

Background Investigations sends Plaintiff a copy of her consumer report. Background Investigations does not include a Summary of Rights with Plaintiff's consumer report in violation of the FCRA, § 1681g(c)(2).

**ANSWER:**

First Advantage lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph No. 14 of Plaintiff's Amended Complaint.

**COMPLAINT ¶ 15:**

In or around February 2015, CoreLogic prepares and issues Plaintiff's consumer report that includes inaccurate information, in violation of the FCRA, § 1681e(b).

**ANSWER:**

First Advantage lacks knowledge or information sufficient to form a belief as to the truth

of the allegations in Paragraph No. 15 of Plaintiff's Amended Complaint.

**COMPLAINT ¶ 16:**

CoreLogic reports that Plaintiff is a felon and reports scores of criminal convictions that do not belong to Plaintiff, including Second Degree Sale of Drugs (three grams or more-cocaine), Second Degree sale of Schedule 1 or 2 Narcotic, LSD, Third Degree Sale of Narcotics, Fourth Degree Sale of Drugs, Domestic Assault-Intentionally Inflict, Fifth Degree Assault – Fear/Inflict/Attempt Harm, Fourth Degree Burglary, Disorderly Conduct, Obstructing Legal Process, Interference with Emergency Call, Criminal Damage to Property, Petty Theft, Giving Peace Officer False Name, and Driving after Suspension. This is false. Plaintiff is not a felon and has never been convicted of any crime.

**ANSWER:**

First Advantage lacks knowledge or information sufficient to form a belief as to the truth

of the allegations in Paragraph No. 16 of Plaintiff's Amended Complaint.

**COMPLAINT ¶ 17:**

In or around March 2015, First Advantage prepares and issues Plaintiff's consumer report that includes inaccurate information, in violation of the FCRA, § 1681e(b).

**ANSWER:**

First Advantage denies the allegations in Paragraph No. 17 of Plaintiff's Amended

Complaint.

**COMPLAINT ¶ 18:**

First Advantage reports multiple criminal convictions and an address that do not belong to Plaintiff, including Third Degree Sale of Narcotics, Fourth Degree Sale of Drugs, Fourth Degree Burglary, Domestic Assault, Giving Peace Office False Name and Obstructing Legal Process. First Advantage also reports that Plaintiff was serving a "Standard Supervised Release, Conditional Release" for a conviction of a drug offense. This is false. Plaintiff has never been convicted of a crime and she has never served a supervised or conditional release.

**ANSWER:**

First Advantage denies the allegations in Paragraph No. 18 of Plaintiff's Amended

Complaint.

**COMPLAINT ¶ 19:**

On or about January 27, 2016, Plaintiff applies to enroll her stepson at the Columbia County Christian School. As part of the application process, the Columbia County Christian School requests Plaintiff's consumer report from Advanced Reporting.

**ANSWER:**

First Advantage lacks knowledge or information sufficient to form a belief as to the truth

of the allegations in Paragraph No. 19 of Plaintiff's Amended Complaint.

**COMPLAINT ¶ 20:**

Advanced Reporting prepares and issues Plaintiff's consumer report to the Columbia County Christian School that includes inaccurate information, in violation of the FCRA, § 1681e(b).

**ANSWER:**

First Advantage lacks knowledge or information sufficient to form a belief as to the truth

of the allegations in Paragraph No. 20 of Plaintiff's Amended Complaint.

**COMPLAINT ¶ 21:**

Advanced Reporting reported to the Columbia County Christian School that Plaintiff was a felon and had been convicted of multiple crimes, including Third Degree Sale of Narcotics, Fourth Degree Sale of Drugs, Domestic Assault, Fourth Degree Burglary, Disorderly Conduct, Giving a False Name to a Peace Officer, Obstructing Legal Process, Theft, Disorderly Conduct – Brawling or Fighting, and Traffic Offenses. Advanced Reporting also reported to the Columbia County Christian School that there was an active warrant issued for Plaintiff's arrest. This is false. Plaintiff is not a felon, she has never been convicted of any crime, and there is no active warrant for her arrest.

**ANSWER:**

First Advantage lacks knowledge or information sufficient to form a belief as to the truth

of the allegations in Paragraph No. 21 of Plaintiff's Amended Complaint.

**FIRST CLAIM FOR RELIEF**
**(against Background Investigations)**
**(Negligent Noncompliance with the FCRA)**

**COMPLAINT ¶ 22:**

Plaintiff realleges and incorporates paragraphs 1 through 21.

**ANSWER:**

First Advantage restates its answers to Paragraph Nos. 1 through 21 of Plaintiff's

Amended Complaint as its answer to Paragraph No. 22 of Plaintiff's Amended Complaint.

**COMPLAINT ¶ 23:**

Background Investigations negligently failed to comply with the requirements of the FCRA.

**ANSWER:**

First Advantage lacks knowledge or information sufficient to form a belief as to the truth

of the allegations in Paragraph No. 23 of Plaintiff's Amended Complaint.

**COMPLAINT ¶ 24:**

As a result of Background Investigations' failure to comply with the requirements of the FCRA, Plaintiff has suffered and continues to suffer, actual damages, including economic loss, denial of housing, damage to reputation, emotional distress and interference with Plaintiff's normal and usual activities for which Plaintiff seeks damages in an amount to be determined by the jury.

**ANSWER:**

First Advantage lacks knowledge or information sufficient to form a belief as to the truth

of the allegations in Paragraph No. 24 of Plaintiff's Amended Complaint.

**COMPLAINT ¶ 25:**

Plaintiff requests attorney fees pursuant to 15 U.S.C. § 1681o(a).

**ANSWER:**

First Advantage admits the allegations in Paragraph No. 25 of Plaintiff's Amended

Complaint.

**SECOND CLAIM FOR RELIEF**
**(against Background Investigations)**
**(Willful Noncompliance with the FCRA)**

**COMPLAINT ¶ 26:**

Plaintiff realleges and incorporates paragraphs 1 through 21.

**ANSWER:**

First Advantage restates its answers to Paragraph Nos. 1 through 21 of Plaintiff's

Amended Complaint as its answer to Paragraph No. 26 of Plaintiff's Amended Complaint.

**COMPLAINT ¶ 27:**

Background Investigations willfully failed to comply with the requirements of the FCRA.

**ANSWER:**

First Advantage lacks knowledge or information sufficient to form a belief as to the truth

of the allegations in Paragraph No. 27 of Plaintiff's Amended Complaint.

**COMPLAINT ¶ 28:**

As a result of Background Investigations' failure to comply with the requirements of the
FCRA, Plaintiff has suffered and continues to suffer, actual damages, including economic loss,
denial of housing, damage to reputation, emotional distress and interference with Plaintiff's
normal and usual activities for which Plaintiff seeks damages in an amount to be determined by
the jury. Plaintiff also seeks punitive damages in an amount to be determined by the jury.

**ANSWER:**

First Advantage lacks knowledge or information sufficient to form a belief as to the truth

of the allegations in Paragraph No. 28 of Plaintiff's Amended Complaint.

**COMPLAINT ¶ 29:**

Plaintiff requests attorney fees pursuant to 15 U.S.C. § 1681n(a).

**ANSWER:**

First Advantage admits the allegations in Paragraph No. 29 of Plaintiff's Amended

Complaint.

**THIRD CLAIM FOR RELIEF**
**(against CoreLogic)**
**(Negligent Noncompliance with the FCRA)**

**COMPLAINT ¶ 30:**

Plaintiff realleges and incorporates paragraphs 1 through 21.

**ANSWER:**

First Advantage restates its answers to Paragraph Nos. 1 through 21 of Plaintiff's

Amended Complaint as its answer to Paragraph No. 30 of Plaintiff's Amended Complaint.

**COMPLAINT ¶ 31:**

CoreLogic negligently failed to comply with the requirements of the FCRA.

**ANSWER:**

First Advantage lacks knowledge or information sufficient to form a belief as to the truth

of the allegations in Paragraph No. 31 of Plaintiff's Amended Complaint.

**COMPLAINT ¶ 32:**

As a result of CoreLogic's failure to comply with the requirements of the FCRA, Plaintiff
has suffered and continues to suffer, actual damages, including economic loss, emotional distress
and interference with Plaintiff's normal and usual activities for which Plaintiff seeks damages in
an amount to be determined by the jury.

**ANSWER:**

First Advantage lacks knowledge or information sufficient to form a belief as to the truth

of the allegations in Paragraph No. 32 of Plaintiff's Amended Complaint.

**COMPLAINT ¶ 33:**

Plaintiff requests attorney fees pursuant to 15 U.S.C. § 1681o(a).

**ANSWER:**

First Advantage admits the allegations in Paragraph No. 33 of Plaintiff's Amended

Complaint.

**FOURTH CLAIM FOR RELIEF**
**(against CoreLogic)**
**(Willful Noncompliance with the FCRA)**

**COMPLAINT ¶ 34:**

Plaintiff realleges and incorporates paragraphs 1 through 21.

**ANSWER:**

First Advantage restates its answers to Paragraph Nos. 1 through 21 of Plaintiff's

Amended Complaint as its answer to Paragraph No. 34 of Plaintiff's Amended Complaint.

**COMPLAINT ¶ 35:**

CoreLogic willfully failed to comply with the requirements of the FCRA.

**ANSWER:**

First Advantage lacks knowledge or information sufficient to form a belief as to the truth

of the allegations in Paragraph No. 35 of Plaintiff's Amended Complaint.

**COMPLAINT ¶ 36:**

As a result of CoreLogic's failure to comply with the requirements of the FCRA, Plaintiff has suffered and continues to suffer, actual damages, including economic loss, emotional distress and interference with Plaintiff's normal and usual activities for which Plaintiff seeks damages in an amount to be determined by the jury. Plaintiff also seeks punitive damages in an amount to be determined by the jury.

**ANSWER:**

First Advantage lacks knowledge or information sufficient to form a belief as to the truth

of the allegations in Paragraph No. 36 of Plaintiff's Amended Complaint.

**COMPLAINT ¶ 37:**

Plaintiff requests attorney fees pursuant to 15 U.S.C. § 168 ln(a).

**ANSWER:**

First Advantage admits the allegations in Paragraph No. 37 of Plaintiff's Amended

Complaint.

**FIFTH CLAIM FOR RELIEF**
**(against First Advantage)**
**(Negligent Noncompliance with the FCRA)**

**COMPLAINT ¶ 38:**

Plaintiff realleges and incorporates paragraphs 1 through 21.

**ANSWER:**

First Advantage restates its answers to Paragraph Nos. 1 through 21 of Plaintiff's

Amended Complaint as its answer to Paragraph No. 38 of Plaintiff's Amended Complaint.

**COMPLAINT ¶ 39:**

First Advantage negligently failed to comply with the requirements of the FCRA.

**ANSWER:**

First Advantage denies the allegations in Paragraph No. 39 of Plaintiff's Amended

Complaint.

**COMPLAINT ¶ 40:**

As a result of First Advantage's failure to comply with the requirements of the FCRA,
Plaintiff has suffered and continues to suffer, actual damages, including economic loss,
emotional distress and interference with Plaintiff's normal and usual activities for which Plaintiff
seeks damages in an amount to be determined by the jury.

**ANSWER:**

First Advantage denies the allegations in Paragraph No. 40 of Plaintiff's Amended

Complaint.

**COMPLAINT ¶ 41:**

Plaintiff requests attorney fees pursuant to 15 U.S.C. § 1681o(a).

**ANSWER:**

First Advantage admits that Plaintiff requests attorneys' fees, but denies that she is

entitled to any relief whatsoever from First Advantage.

**SIXTH CLAIM FOR RELIEF**
**(against First Advantage)**
**(Willful Noncompliance with the FCRA)**

**COMPLAINT ¶ 42:**

Plaintiff realleges and incorporates paragraphs 1 through 21.

**ANSWER:**

First Advantage restates its answers to Paragraph Nos. 1 through 21 of Plaintiff's

Amended Complaint as its answer to Paragraph No. 42 of Plaintiff's Amended Complaint.

**COMPLAINT ¶ 43:**

First Advantage willfully failed to comply with the requirements of the FCRA.

**ANSWER:**

First Advantage denies the allegations in Paragraph No. 43 of Plaintiff's Amended

Complaint.

**COMPLAINT ¶ 44:**

As a result of First Advantage's failure to comply with the requirements of the FCRA, Plaintiff has suffered and continues to suffer, actual damages, including economic loss, emotional distress and interference with Plaintiff's normal and usual activities for which Plaintiff seeks damages in an amount to be determined by the jury. Plaintiff also seeks punitive damages in an amount to be determined by the jury.

**ANSWER:**

First Advantage denies the allegations in Paragraph No. 44 of Plaintiff's Amended

Complaint.

**COMPLAINT ¶ 45:**

Plaintiff requests attorney fees pursuant to 15 U.S.C. § 1681n(a).

**ANSWER:**

First Advantage admits that Plaintiff requests attorneys' fees, but denies that she is

entitled to any relief whatsoever from First Advantage.

**SEVENTH CLAIM FOR RELIEF**
**(against Advanced Reporting)**
**(Negligent Noncompliance with the FCRA)**

**COMPLAINT ¶ 46:**

Plaintiff realleges and incorporates paragraphs 1 through 21.

**ANSWER:**

First Advantage restates its answers to Paragraph Nos. 1 through 21 of Plaintiff's

Amended Complaint as its answer to Paragraph No. 46 of Plaintiff's Amended Complaint.

**COMPLAINT ¶ 47:**

Advanced Reporting negligently failed to comply with the requirements of the FCRA.

**ANSWER:**

First Advantage lacks knowledge or information sufficient to form a belief as to the truth

of the allegations in Paragraph No. 47 of Plaintiff's Amended Complaint.

**COMPLAINT ¶ 48:**

As a result of Advanced Reporting's failure to comply with the requirements of the
FCRA, Plaintiff has suffered and continues to suffer, actual damages, including economic loss,
damage to reputation, emotional distress and interference with Plaintiff's normal and usual
activities for which Plaintiff seeks damages in an amount to be determined by the jury.

**ANSWER:**

First Advantage lacks knowledge or information sufficient to form a belief as to the truth

of the allegations in Paragraph No. 48 of Plaintiff's Amended Complaint.

**COMPLAINT ¶ 49:**

Plaintiff requests attorney fees pursuant to 15 U.S.C. § 1681o(a).

**ANSWER:**

First Advantage admits the allegations in Paragraph No. 49 of Plaintiff's Amended

Complaint.

**EIGHTH CLAIM FOR RELIEF**
**(against Advanced Reporting)**
**(Willful Noncompliance with the FCRA)**

**COMPLAINT ¶ 50:**

Plaintiff realleges and incorporates paragraphs 1 through 21.

**ANSWER:**

First Advantage restates its answers to Paragraph Nos. 1 through 21 of Plaintiff's

Amended Complaint as its answer to Paragraph No. 50 of Plaintiff's Amended Complaint.

**COMPLAINT ¶ 51:**

Advanced Reporting willfully failed to comply with the requirements of the FCRA.

**ANSWER:**

First Advantage lacks knowledge or information sufficient to form a belief as to the truth

of the allegations in Paragraph No. 51 of Plaintiff's Amended Complaint.

**COMPLAINT ¶ 52:**

As a result of Advanced Reporting's failure to comply with the requirements of the
FCRA, Plaintiff has suffered and continues to suffer, actual damages, including economic loss,
damage to reputation, emotional distress and interference with Plaintiff's normal and usual
activities for which Plaintiff seeks damages in an amount to be determined by the jury. Plaintiff
also seeks punitive damages in an amount to be determined by the jury.

**ANSWER:**

First Advantage lacks knowledge or information sufficient to form a belief as to the truth

of the allegations in Paragraph No. 52 of Plaintiff's Amended Complaint.

**COMPLAINT ¶ 53:**

Plaintiff requests attorney fees pursuant to 15 U.S.C. § 1681n(a). Plaintiff requests a jury
trial on all claims.

**ANSWER:**

First Advantage admits the allegations in Paragraph No. 53 of Plaintiff's Amended

Complaint.

## AFFIRMATIVE DEFENSES

## FIRST DEFENSE

To the extent Plaintiff's claims are based on acts that occurred prior to the expiration of

any applicable statute of limitations period, such claims are time-barred.

## SECOND DEFENSE

Plaintiff is not entitled to punitive damages because First Advantage's reading of its obligations under the FCRA is objectively reasonable.

## THIRD DEFENSE

To the extent Plaintiff failed to mitigate her damages, her recovery, if any, should be reduced accordingly.

WHEREFORE, First Advantage respectfully requests that the Court dismiss with prejudice Plaintiff's Amended Complaint in its entirety and award First Advantage its costs and any and all other relief this Court deems appropriate.

Respectfully submitted,

FIRST ADVANTAGE BACKGROUND
SERVICES CORP.


By: /s/ Megan Poonolly
      Andrew M. Altschul, OSB No. 980302
      andrew@baaslaw.com
      BUCHANAN ANGELI ALTSCHUL
      & SULLIVAN LLP
      321 SW 4th Avenue, Suite 600
      Portland, Oregon  97204
      Telephone: (503) 974-5015
      Facsimile:  (503) 230-0337

      Frederick T. Smith (*pro hac vice*
      application to be filed)
      Georgia Bar No. 657575
      fsmith@seyfarth.com
      Megan H. Poonolly (admitted *pro hac*
      *vice*)
      Georgia Bar No. 345633
      mpoonolly@seyfarth.com
      SEYFARTH SHAW LLP
      1075 Peachtree Street, N.E.
      Suite 2500
      Atlanta, Georgia 30309-3958
      Telephone:  (404) 885-1500
      Facsimile:  (404) 892-7056


Date:  May 12, 2016

## <u>CERTIFICATE OF SERVICE</u>

I certify that on May 12, 2016, I electronically filed DEFENDANT FIRST

ADVANTAGE BACKGROUND SERVICES CORP.'S ANSWER TO PLAINTIFF'S

AMENDED COMPLAINT with the Clerk of Court using the CM/ECF system, which will

automatically send electronic notification of such filing to the following attorneys of record:

Robert S. Sola
Shidon B. Aflatooni
ROBERT S. SOLA, P.C.
1500 SW First Avenue, Suite 800
Portland, Oregon 97201
Counsel for Plaintiff Samantha Johnson

Ronald I. Raether , Jr.
TROUTMAN SANDERS
5 Park Plaza, Suite 1400
Irvine, CA 92614-2545
Counsel for CoreLogic Credco, LLC

Christopher J. Kayser
LARKINS VACURA LLP
121 SW Morrison St., Suite 700
Portland, OR 97204
Counsel for CoreLogic Credco, LLC

Kimberley Hanks McGair
FARLEIGH WADA WITT, PC
121 SW Morrison Street, Suite 600
Portland, OR 97204-3136
Counsel for Advanced Reporting, LLC.


/s/ Megan Poonolly
Counsel for First Advantage Background Services Corp.